IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TRAVIS LEMONT BARKSDALE,

    Petitioner,

v.                              CIVIL ACTION NO. 1:17-03216

WARDEN BARBARA RICKARD
FCI McDowell,

    Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Proposed Findings and Recommendation ("PF&R") on December 19, 2017, in which she recommended that the court deny petitioner's petition for writ of habeas corpus, grant respondent's request for dismissal, dismiss this action with prejudice, and remove this case from the court's active docket. (See ECF No. 18.)

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections within the time allowed constitutes a waiver of

such party's right to a *de novo* review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  On December 29, 2017, petitioner, acting *pro se*, filed objections to the PF&R.  (See ECF No. 19.)  As such, his objections were timely.

Petitioner objects to the PF&R's finding that he cannot bring his claims under § 2241 because he does not qualify for the savings clause exception.  He argues that his § 2241 claims do indeed satisfy the "savings clause" exception, found at 28 U.S.C. § 2255(e), which allows a § 2255 claim to be brought under § 2241.  He maintains that the savings clause exception applies because he meets all four requirements to show a § 2255 motion is inadequate or ineffective.  First, petitioner argues that "at the time of [his] conviction, there [was] no settled circuit or Supreme Court precedent on consolidated sentence under North Carolina law."  (ECF No. 19.)  Second, he argues that "in light of United States v. Davis, 720 F.3d 215, 217 (4th Cir. 2013) the interpretation of the U.S. Sentencing Guidelines Manual was settled in regards to consolidated sentence 'after' his appeal was voluntarily dismissed."  Id.  And third, he argues that he cannot satisfy § 2255(f)'s gatekeeping provision because a career offender designation is not cognizable on collateral review and because he does not meet § 2255(h)'s requirements to file a successive § 2255 petition.  Id.

In his supplemental motion, filed after the Fourth Circuit's decision in United States v. Wheeler, 886 F.3d 415 (2018), he added that "the increase in his sentence is an error sufficiently grave to be deemed a fundamental defect" because his statutory minimum sentence would have been lower if his criminal history points were properly calculated. (ECF No. 20.)

Petitioner does not object with specificity to any other elements of the PF&R.

I. **Standard of Review of *Pro Se* Objections**

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a *de novo* determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Furthermore, *de novo* review is not required and unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must

object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.' " Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

## II. Analysis

### A. *Standard for Satisfying the Savings Clause Exception*

The savings clause creates a narrow exception allowing a § 2255 claim to be brought under § 2241 because § 2255 is inadequate and ineffective when the claim contains all four of the following characteristics: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the

4

legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (citing In re Jones, 226 F.3d 328, 333–34 & n.3 (4th Cir. 2000)). Wheeler also makes clear that challenges to "fundamental sentencing errors" are allowed under § 2241 if the claim meets the four savings clause requirements. Id. at 428. The petitioner bears the burden of establishing that he satisfies all four Wheeler savings clause criteria.

### B. Analysis of the PF&R and Objections post-Wheeler

Petitioner objects to the PF&R's conclusion that his claim does not meet the requirements satisfying the savings clause exception which allows him to proceed under § 2241. (See ECF No. 19.) At the time the PF&R and petitioner's objections to the PF&R were filed, the Fourth Circuit had not yet decided United States v. Wheeler. 886 F.3d 415 (4th Cir. 2018).

Prior to Wheeler, the law in this circuit was that the savings clause exception mandated three, and not four, criteria to be present: (1) at the time of the petitioner's conviction,

5

the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which petitioner was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. See In re Jones, 226 F.3d at 333-34. The PF&R recommended denying petitioner's § 2241 motion because petitioner "cites no substantive change in the law rendering non-criminal the conduct for which he was convicted," relying upon the second Jones criteria – which was later modified by Wheeler to no longer require non-criminality, but instead only require a change in the substantive law which could be retroactively applied.

The PF&R also recommended denying petitioner's § 2241 motion because, prior to Wheeler, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." Wheeler created new precedent in this area as well, extending the savings clause exception to allow a § 2241 challenge to a "fundamental sentencing error." 886 F.3d at 428.

The petitioner objected to these two conclusions of the PF&R.[1] In these two respects – corresponding to factors (2) and (4) of the current Wheeler savings clause criteria – the PF&R's conclusions no longer rest upon good law. However, the court, after de novo review of application of the savings clause exception criteria to petitioner's claim, similarly concludes that the savings clause exception does not apply to petitioner's claims. Therefore, for the reasons set forth below, petitioner's claims are not cognizable under § 2241 and his objections to the PF&R are **OVERRULED**.

### C. *Petitioner Cannot Satisfy All Four Wheeler Criteria*

The court assumes without deciding that the first and third Wheeler criteria are met. But petitioner's § 2241 claim fails the second and fourth Wheeler criteria, and thus petitioner cannot bear his burden of showing that § 2255 is inadequate and ineffective to challenge his sentence.

To start, petitioner is correct that United States v. Davis changed the law in this circuit subsequent to his direct appeal and first § 2255 motion. 720 F.3d 215 (4th Cir. 2013). Post-

---

[1] Petitioner's initial objections challenged the application of the In re Jones savings clause criteria to his claims, as he filed objections prior to the Fourth Circuit's decision in Wheeler. (See ECF No. 19.) However, petitioner later filed two supplemental motions to his initial objections, which argued that Wheeler further supported his objection that his claim satisfied the savings clause exception criteria. (See ECF Nos. 20, 25.)

7

Davis, a prior consolidated sentence under North Carolina law cannot be the sole basis for a Guidelines career offender enhancement, see 720 F.3d at 217-19, as was the basis in petitioner's 2010 sentencing. (See ECF No. 2.)

However, application of the savings clause requires that the change in substantive law has been ruled to apply retroactively on collateral review: this is not true of Davis. Instead, as district courts in this circuit have consistently held, Davis announced a purely procedural rule that is not retroactive on collateral review. Lee v. United States, 2013 WL 5561438, at *3 (E.D.N.C. Oct. 8, 2013), aff'd 583 Fed. App'x 275 (4th Cir. Sept. 29, 2014), (citing Whorton v. Bockting, 549 U.S. 406, 416-17 (2007) (discussing analytic framework for deciding whether to apply an appellate decision retroactively to judgments in criminal cases that are already final on direct review); Miller v. United States, 735 F.3d 141, 145-47 (4th Cir. 2013); Hawkins v. United States, 724 F.3d 915, 917–18 (7th Cir. 2013) ("cases reinterpreting the advisory guidelines ... don't have retroactive application"); United States v. Powell, 691 F.3d 554, 557–58 (4th Cir. 2012)).[2] Because Davis does not apply

---

[2] The ruling in Lee has consistently been cited approvingly by district courts in this circuit. See, e.g., Stockton v. United States, 2018 WL 6680919, at *4 (D. Md. Dec. 18, 2018) (citing to Lee's conclusion that Davis is not retroactively applicable); Moye v. United States, 2016 WL 4004580, at *9 (E.D.N.C. May 27,

retroactively, petitioner cannot satisfy the second criteria of the savings clause exception.

As to the fourth criteria, even if Davis were retroactively applicable, the misapplication of the career offender enhancement under the post-Booker Guidelines against petitioner does not rise to the level of a "fundamental defect." This is because, although the career offender enhancement increased petitioner's minimum Guidelines range of incarceration in this case, petitioner was sentenced post-Booker and so the Guidelines were no longer mandatory, but merely advisory. See United States v. Booker, 543 U.S. 220, 245 (2005).

Petitioner relies upon the Fourth Circuit's opinion in Wheeler when he objects to the PF&R and argues that the sentencing error was sufficiently grave to be a fundamental defect. (See ECF Nos. 20, 25 (citing United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).) However, this reliance upon Wheeler is misplaced. Wheeler did hold that a sentencing error can constitute a fundamental defect, but only when the error results in an erroneous *mandatory* minimum. See 886 F.3d at 430-32. Thus, only when a sentencing error resulted in a heightened statutory *mandatory* minimum or heightened *mandatory* Guidelines sentencing range (because the defendant was sentenced pre-

---

2016) (same); Dawson v. United States, 2014 WL 3018222, at *2 (E.D.N.C. July 3, 2014) (same);

9

Booker), but not when the sentencing error resulted in a higher *advisory* Guidelines range, would the error constitute a fundamental defect. See id.

The Fourth Circuit's analyses in Foote and Lester clearly support this understanding. In United States v. Foote, decided pre-Wheeler, the Fourth Circuit stated that "we are hesitant to declare that a fundamental defect . . . has occurred in a situation in which Appellant was (and on remand, would again be) sentenced under an *advisory* Guidelines scheme. . . . [W]e are not persuaded that [an erroneous] career offender designation is a defect of a 'fundamental' nature." 784 F.3d 931, 941-42 (4th Cir. 2015). And then in Lester v. Flournoy, which was a case decided after Wheeler but involving Lester's challenge to his sentencing which pre-dated Booker, the court explained that "crucial to our analysis in Foote was that the petitioner, unlike Lester, was sentenced after Booker had rendered the Guidelines purely advisory. . . . Foote undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines." 909 F.3d 708, 715 (4th Cir. 2018).

Here, petitioner has not demonstrated that an erroneous career offender enhancement increased his statutory mandatory minimum.[3]  While the enhancement did increase the Guidelines

---

[3] Petitioner does state in a supplemental motion to his objections that, but for the erroneous career offender

range, the Guidelines were merely advisory at the time of petitioner's sentencing because petitioner was sentenced in federal court in 2010. Therefore, petitioner cannot satisfy the fourth criteria of the savings clause exception that his sentence presents an error deemed a fundamental defect.

The court has reviewed the record, the Magistrate's findings and recommendations, and petitioner's objections. The court rules that because petitioner is unable to bear his burden and show that all four criteria for application of the savings clause are met, petitioner's objections are **OVERRULED**. Accordingly, the court **DENIES** petitioner's motion under 28 U.S.C. § 2241 and **DISMISSES** this case.

## III. Conclusion

The court adopts the Findings and Recommendation of Magistrate Judge Eifert as follows:

---

enhancement, his "statutory minimum would have been less." (ECF No. 20.) A review of the record shows that this is not true, and perhaps petitioner wrote "statutory minimum" when "Guidelines minimum" was the correct term. The career offender enhancement pursuant to U.S.S.G. § 4B1.1 increases the advisory Guidelines range, but does not affect the statutory mandatory minimum or maximum. In petitioner's case, because his conduct carried a statutory mandatory minimum of 10 years to a maximum of life, as stated in 21 U.S.C. § 841(b)(1)(A), petitioner's offense level became a 37 and his criminal history became a Category VI. See U.S.S.G. § 4B1.1.

Crucially, these changes from the career offender enhancement did not affect petitioner's statutory mandatory minimum or maximum, but instead resulted in a heightened advisory Guidelines range of 360 months to life.

1. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**;

2. Respondent's request for dismissal is **GRANTED**;

3. This action is **DISMISSED**; and

4. The Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 4th day of February, 2020.

ENTER:

David A. Faber
Senior United States District Judge